## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THELMA WELLS,** : | |
| *Plaintiff,* : | |
| : | **CIVIL ACTION NO. _____** |
| **v.** : | |
| : | |
| **CITIFINANCIAL MORTGAGE CO.** : | |
| **INC.** : | **JURY TRIAL DEMANDED** |
| : | |
| **WILMINGTON FINANCE INC.** : | |
| : | |
| **JOHN DOE TRUSTEE** : | |
| : | |
| **JOHN DOE TRUST** : | |
| : | |
| **JOHN DOES #'S 1-100** : | |
| : | |
| *Defendants.* : | |
| : | |

### COMPLAINT AND JURY DEMAND

*COMES NOW* Plaintiff, THELMA WELLS, by and through her undersigned counsel, Mildenberg and Stalbaum, p.c., complaining of Defendants, and respectfully avers as follows:

### I.     PARTIES

1.     Plaintiff, Thelma Wells, is an adult individual and Citizen of the Commonwealth of Pennsylvania, residing therein at 917 East Upsal Street, Philadelphia, PA 19150, the property which is the subject of the predatory mortgage complained of herein.

2.     Defendant, Wilmington Finance Inc. ("Wilmington Finance"), at all times relevant hereto, upon information and belief, is a New York Corporation authorized to do business withinin the Commonwealth of Pennsylvania with a duly appointed registered agent

1

authorized to accept service of process located at Corporation Service Company, 2704 Commerce Drive, Harrisburg, PA 17110.

3.      Defendant, Citifinancial Mortgage Company, Inc. ("Citifinancial"), at all times relevant hereto, upon information and belief, is a New York Corporation authorized to do business within the Commonwealth of Pennsylvania with a duly appointed registered agent authorized to accept service of process located at CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia, PA 19102.

4.      Defendant John Doe Trust ("Doe Trust") is, upon information and belief, a trust created pursuant to a certain Pooling and Servicing Agreement ("PSA") the date of inception of which Plaintiff, after reasonable investigation, is unable to ascertain.  The term, "John Doe Trust" is a moniker for the actual name of the trust, which Plaintiff has been unable to ascertain. Plaintiff reserves the right to substitute the actual name of the trust for said moniker after discovery of same in the course of this litigation.  Plaintiff believes and therefore avers that the Doe Trust is the current Holder, beneficial owner, or assignee of the mortgage originated by Wilmington Finance.  The Doe Trust is a securitization pool of loans, including one of Plaintiff's loans, that is securitized and certain shares or certificates of which are sold or traded or offered as "asset-backed securities" on the national and international securities markets.

5.      Defendant, John Doe Trustee ("Doe Trustee"), is a moniker used herein for the actual name of the trustee of the aforesaid Doe Trust, which Plaintiff has been unable to ascertain.  Plaintiff reserves the right to substitute the actual name of the trustee for said moniker after discovery of same in the course of this litigation.

2

6.      Defendant, John Does #'s 1-100, is a moniker used herein for various individuals and entities that are or may be liable to Plaintiffs for the acts alleged herein, but whose names and/or identities and/or whereabouts Plaintiffs, after reasonable inquiry, have been unable to ascertain.  Plaintiffs hereby reserve their right to substitute the true names and locations of these parties should they discover same in the course of this litigation.  Plaintiffs further incorporate each of these parties as Defendants in each and every count listed below.

7.      Plaintiff believes and therefore avers that Defendants are actual and/or apparent agents of one another and/or each other and/or that each of the said entities is managed, structured, and/or operated, such that each of the said entities is liable for the acts of each of the other entities and/or all of the other said other entities for the actions complained of by Plaintiff herein.

8.      At all times relevant hereto, each of the aforesaid Defendants acted by and through their agents, officers, directors, servants, and employees, who were acting within the authorized scope and course of their employment and/or agency, under the direct control and at the direction of said Defendants.

## II.      **JURISDICTION AND VENUE**

9.      Jurisdiction over the matter is conferred upon the court by TILA, § 1640(e), HOEPA, 15 U.S.C. § 1639(a), and 28 U.S.C. §§ 1331 and 1337.  Supplemental jurisdiction is conferred over Plaintiff's state law claims by 28 U.S.C. § 1367(a).

10.      Venue lies in the judicial district because the events which give rise to the claim occurred here and the property which is the subject of the action is situated in the district.

MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

### III.    <u>CAUSE OF ACTION</u>

11.    In or around August of 2002, Plaintiff had certain dealings with Defendant Wilmington Finance relating to obtaining a mortgage on her real property.

12.    In or around August 2002, as a result of the representations of Wilmington Finance that refinancing her existing mortgage through its company would be advantageous and result in low monthly payments, Plaintiff applied for a conventional thirty-year mortgage loan with Wilmington Finance.

13.    On or about August 9, 2002, a closing of the loan was held wherein Plaintiff was asked by Wilmington Finance's agents to sign various forms and documents in reliance upon its representations that the loan was beneficial to her.

14.    Among other documents, Plaintiff executed a Note and Mortgage prepared by Wilmington Finance that obligated Plaintiff to a thirty-year (30) mortgage with an adjustable rate of interest of 7.990% not to exceed 13.990% and 24 monthly payments of $821.04 and 336 monthly payments of $859.74 with a principal obligation of $112,000.00.

15.    At all times relevant hereto, Plaintiff desired to refinance her existing mortgage to receive a low fixed interest rate on her thirty-year mortgage.

16.    However, despite what Defendant was promised, she was given a mortgage with an adjustable rate of interest.

17.    The HUD-1 settlement sheet for the Wilmington Finance loan reflects, *inter alia,* the following fees charged in connection with Wilmington Finance's extension of credit:

| | |
|---|---|
| Broker Fee: | $6,720.00 |
| Settlement/Closing fee: | $250.00 |
| Interest: | $441.31 |
| Underwriting fee: | $285.00 |

Mildenberg and Stalbaum, p.c.
1845 Walnut Street, 22ND Floor
Philadelphia, Pennsylvania 19103
(215) 569-1203

| | |
|---|---|
| Flood Cert Fee: | $13.00 |
| Administration fee: | $495.00 |
| Closing Protection letter: | $35.00 |
| Overnight Fee: | $75.00 |
| Notary fees: | $20.00 |
| County Property taxes: | $1075.50 |
| Title Insurance: | $918.75 |
| Recording fee: | $63.50 |
| Error in GetTableValue: | $150.00 |
| | |
| TOTAL: | $10,542.06 |

18.     The above-referenced amounts do not reflect the appraisal fee of $250.00 which was "paid outside of closing."

19.     In addition to the aforesaid fees, the HUD-1 for Wilmington Finance Loan reflects the following payoffs to alleged third parties:

| | |
|---|---|
| Loan Servicing | $87,618.45 |
| Citifinancial: | $11,872.84 |
| Delinquent Taxes: | $120.35 |
| | |
| TOTAL: | $99,611.64 |

20.     Furthermore, Plaintiff believes and avers that the fee of $918.75 for title insurance was not bona fide and therefore was excessive and unreasonable.

21.     Upon information and belief, Plaintiff should have been charged a reduced rate for title insurance in the amount of 661.50, which she was not.

22.     Plaintiff believes and therefore avers that she never requested the stated loan terms and was never provided with a statement as to reasons why the alleged original loan terms were denied.

5

23.    Plaintiffs believe and therefore aver that Wilmington Finance decided not to extend Plaintiff a loan in the amount she had requested, but instead to offer her a substantially larger loan and at a high rate of interest.

24.    Plaintiff believes and therefore avers that Wilmington Finance never notified Plaintiff that it would not extend credit on the terms she had requested or the reasons for its refusal to so extend.

25.    Plaintiff believes and therefore avers that Wilmington Finance made the loan to Plaintiff without regard to their ability to repay same.

26.    Plaintiff believes and avers that the aforesaid misrepresentations unnecessarily increased Plaintiff's secured indebtedness.

27.    Furthermore, Plaintiff believes and avers that the interest rate on the loan was different and higher than the interest rate promised to her by Wilmington Finance.

28.    Wilmington Finance, or its agents, charged unreasonable fees in excess of the amount customarily charged for such fees.

29.    All of the aforesaid fees were financed into the mortgage, increasing Plaintiff's indebtedness to Wilmington Finance.

30.    Upon information and belief, Citifinancial is either the assignee and/or servicer of the mortgage at issue.

31.    Citifinancial began to improperly service Plaintiff's mortgage account by charging excessive late fees and by increasing Plaintiff's monthly payments in a manner inconsistent with the Note and Mortgage without explanation.

MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

32.     As a result of the increase in mortgage payments, Plaintiff was not able to sustain the high monthly mortgage payments.

33.     As a direct and proximate result of the actions of Defendants, as aforesaid, Defendant, Plaintiff has suffered damages, including receiving foreclosure notices from Citifinancial.

34.     As a direct result of the actions of Defendants, Plaintiff was forced to file for Chapter 7 Bankruptcy to stay the foreclosure proceedings and save her home.

35.     Each and every violation of law alleged herein is or was apparent on the face of the mortgage and closing documents and any assignee exercising due diligence would have been aware of such violations at or prior to the time of any assignment of Plaintiffs' loan or loans.

## COUNT I
## TILA RESCISSION AND DAMAGES
### PLAINTIFF V. ALL DEFENDANTS

36.     The above paragraphs are hereby incorporated herein by reference.

37.     At all times relevant hereto, Defendant Wilmington Finance and/or its assignor in the ordinary course of business extended or arranged for the extension of consumer credit or offered to extend or arrange for the extension of such credit payable by agreement in more than four installments or for which the payment of a finance charge is or may be required.

38.     Plaintiff entered into a consumer credit transaction with Wilmington Finance and executed a note and mortgage on her residence.

39.     The aforesaid loan with Wilmington Finance was a residential mortgage loan subject to Plaintiffs' right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23.

MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

40.   In said loan transactions, Plaintiff did not receive all the disclosures required by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601 et seq. and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R. §226.1 et seq. including but not limited to notice pursuant to the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").

41.   Defendant Wilmington Finance failed to deliver all "material" disclosures required by the act and Regulation Z, including, inter alia:

a.   Failing to properly and accurately disclose the "amount financed," using that term, in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A);

b.   Failing to clearly and accurately disclose the "finance charge" using that term, in violation of Regulation Z § 226.4 and 15 U.S.C. § 1638(a)(3);

c.   Failing to clearly and accurately disclose the "annual percentage rate" using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4); and,

d.   Failing to comply with the special disclosure requirements of § 226.32;

e.   Failing to timely provide each Plaintiff with two (2) copies of a Notice of her Right to Rescind the Transaction pursuant to TILA and/or HOEPA.

42.   Due to the violations of TILA and Regulation Z, Plaintiff has an ongoing right to rescind the transaction until receipt of all "material" disclosures pursuant to TILA and Regulation Z.

MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

43.     Plaintiff does hereby exercise her rights to rescind the aforesaid transaction and the Complaint shall hereby constitute Plaintiff's **Notice of Rescission**, pursuant to TILA, 15 U.S.C. § 1601, et seq. to which Defendants have twenty (20) days to respond.

44.     Pursuant to TILA, Plaintiff is entitled to damages and rescission of the loan.

*WHEREFORE*, Plaintiff prays the Honorable Court enter judgment in her favor, and against Defendant, and to Order the following relief pursuant to 15 U.S.C. §§ 1635(a) and 1640(a):

a.  Rescission of the August 9, 2002 loan transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

d.  Injunctive relief staying any foreclosure proceedings pending the outcome of this litigation;

e.  Statutory damages of $2000.00 per TILA violation;

f.  Forfeiture and return of loan proceeds;

g.  Actual damages in an amount to be determined at trial; and

h.  An award of reasonable attorneys fees and expenses, and costs of suit; and,

i.  Such additional relief as is deemed just and proper, or that the interests of justice may require.

9

## COUNT II

### HOME OWNERSHIP AND EQUITY PROTECTION ACT OF 1994 ("HOEPA")
### PLAINTIFF V. ALL DEFENDANTS

45.    The above paragraphs are incorporated herein by reference.

46.    Upon information and belief, the August 9, 2002 loan transaction with Wilmington Finance was a high rate mortgage within the meaning of 15 U.S.C. § 1602(aa)(1)(B), in that the total points and fees Defendant charged Plaintiff in addition to interest exceeded 8 per cent of the total loan amount or in that the APR trigger pursuant to HOEPA was met with respect to the transaction.

47.    Because the transaction met the statutory definition of a high rate mortgage, it was subject to the additional disclosure requirements imposed by the TILA amendments contained in the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").

48.    The aforesaid additional disclosures must be provided three days in advance of the consummation of the transaction pursuant to 15 USC § 1639(b).

49.    Defendant did not comply with the requirements of HOEPA and Section 32.

50.    Defendant's failure to provide Plaintiff with an accurate and timely HOEPA disclosure, as required by law, constitutes a "material" disclosure violation pursuant to TILA, 15 USC § 1602(u) (as amended), Regulation z § 226.23 (as amended).

**WHEREFORE**, Plaintiff prays the Honorable Court to enter judgment in her favor, and against defendants, and Order the following relief:

MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

a.  Rescission of the August 9, 2002 loan transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

d.  Injunctive relief staying any foreclosure proceedings pending the outcome of this litigation;

e.  Statutory damages of $2000.00 per TILA violation;

f.  Forfeiture and return of loan proceeds;

g.  Actual damages in an amount to be determined at trial; and

h.  An award of reasonable attorneys fees and expenses, and costs of suit; and,

i.  Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
### BREACH OF CONTRACT
#### PLAINTIFF V. ALL DEFENDANTS

51.  The foregoing paragraphs are incorporated herein by reference.

52.  At all times relevant hereto, Plaintiff and Defendants were parties to a Note and Mortgage Agreement.

53.  Pursuant to the agreement, Defendants were under various duties to Plaintiff.

MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

54.     Among those duties, the Defendants had an implied duty to act in good faith in the performance of the mortgage contract.

55.     Defendants breached their duties to Plaintiff by misrepresenting the amount due from Plaintiff, and asserting that Plaintiff owed amounts to Defendants that in fact she did not and does not owe.

56.     Furthermore, Defendant, Wilmington Finance breached its contractual duties by failing to provide Plaintiff with all required disclosures required by law.

57.     The Defendants further breached their duties to Plaintiff by charging the Plaintiff fees that were excessive and/or not bona fide, not reasonable, or not authorized pursuant to the parties' agreement.

58.     By insisting Plaintiffs tender amounts they did not owe, the Defendants breached its duty of good faith and fair dealing.

59.     The Defendant, Citifinancial, failed to service Plaintiffs' loan in good faith by:

1.   Charging unjustified and unreasonable late fees, interest charges, attorney's fees; and

2.   Late posting and miscrediting of payments; and

3.   Failing to reasonably exhaust loss mitigation options.

60.     The Defendant's breach of its duty of good faith was intentional, willful, and/or wanton and reasonably calculated to result in foreclosure on the Plaintiff's real property.

61.     The Plaintiffs suffered damages proximately caused by the Defendant's breach of its duty of good faith and fair dealing.

62.     By and through their actions, as aforesaid, Defendants breached the said

12

contractual duties.

63.     As a direct and proximate result of the said breach of duties, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

     1.  Actual damages; and

     2.  Such other relief as the Court deems equitable and just.

### COUNT IV
### FRAUD
#### PLAINTIFF V. ALL DEFENDANTS

64.     The foregoing paragraphs are incorporated herein by reference.

65.     Defendants intentionally misrepresented and/or omitted a material facts to Plaintiff, to wit: that the loan was beneficial when it was not, that their fees were usual and customary, when they were not, and that their fees were a part of the finance charge and/or amount financed, when they should have been part of some other figure, and that Plaintiff was entering into a fixed rate mortgage for thirty (30) years when she actually got an adjustable rate mortgage.

66.     The aforesaid intentional misrepresentations and/or omissions were made in an attempt to procure pecuniary gain, to wit: a security interest in Plaintiff's home and monetary consideration form the Plaintiff or form the proceeds of the Plaintiff's loan.

67.     As the intended result of the aforesaid fraud, Plaintiff reasonably relied upon the said misrepresentations and/or omissions, to her detriment and believed she was entering into a fixed rate mortgage.

68.     As a direct and proximate result of the said fraud, Plaintiff has sustained damages

MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

and is on the brink of losing her home.

69.     By virtue of the aforesaid fraud, Plaintiff is entitled to compensatory and punitive

damages from Defendants.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against

Defendants and Order Defendants to pay compensatory and punitive damages, and Order such

further or additional relief as the interests of justice may require, and will ever pray.

### COUNT V
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA), 73 PA.C.S. § 2270.1 ET SEQ.
### PLAINTIFFS V. CITIFINANCIAL

70.     The foregoing paragraphs are incorporated herein by reference.

71.     Defendant, sent communications to Plaintiff in an attempt to collect the mortgage

debt, including various notices of alleged delinquency, invoices and statements and Act 91

notices purportedly under Pennsylvania law.

72.     The collection of debt in Pennsylvania is regulated by the Fair Credit Extension

Uniformity Act at 73 Pa.C.S. §2270.1 et seq. and the Unfair Trade Practices and Consumer

Protection Law ("UTPCPL"), 73 Pa.C.S. 201-1 et seq.

73.     Defendant is a "debt collectors" or "creditors" pursuant to 73 Pa.C.S. § 2270.3.

74.     The alleged debt Defendant was attempting to collect is a "debt" as defined by 73

Pa. C.S. §2270.3.

75.     Violation of the FCEUA is a *per se* violation of the UTPCPL.

76.     The actions of Defendant constitute unfair methods of competition or unfair and

deceptive acts and practices within the meaning of the FCEUA and UTPCPL by and through its

actions, as aforesaid, and by and through the following actions, *inter alia*:

14

a.  Using unfair and unconscionable collection methods to collect or attempt to collect any debt, 73 P.S. § 2270.4(b)(6)(i);

b.  The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 73 P.S. § 2270.4(b)(6)(i);

c.  Giving a false impression of the character, amount or legal status of the alleged debt, 73 P.S. § 2270.4(b)(5)(ii);

d.  Using false or deceptive collection methods, 73 P.S. § 2270.4(b)(5);

e.  Making threats to take action which cannot be legally taken, 73 P.S. § 2270.4(b)(5)(v); and/or

f.  Otherwise using false, deceptive, misleading, and unfair and unconscionable means to collect or attempt to collect a debt, 73 P.S. § 2270.4(b)(5)(x);.

77.  Defendant's conduct constitutes a violations of *inter alia,* 73 P.S. §§ 2270.4(b)(5)(ii),(v) and 2270.4(b)(6(i) of the FCEUA by charging the Plaintiff fees that were excessive and/or not bona fide, not reasonable, or not authorized pursuant to the parties' agreement.

78.  The charging and collection of such fees constitutes an "unfair or unconscionable means to collect [a] debt…." under section 2270.4(b)(6)(i) of the FCEUA.

79.  Defendant's actions as described above were done with intentional, willful, reckless, wonton, and negligent disregard for Plaintiffs' rights under law and with the purpose of coercing plaintiff to pay the alleged debt.

15

80.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm and ascertainable loss.

81.     By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorneys' fees and costs of suit.

*WHEREFORE*, Plaintiff prays this Honorable Court enter judgment in her favor, and against Defendant, and Order the following relief:

      a.     An Order declaring that Defendant violated the FCEUA;

      b.     Actual damages;

      c.     Treble damages;

      d.     An award of reasonable attorneys fees and expenses, and costs of suit; and,

      e.     Such additional relief as is deemed just and proper, or that the interests of justice may require.

### COUNT VI
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa.C.S. § 201-1 et seq.
### PLAINTIFFS V. ALL DEFENDANTS

82.     The foregoing paragraphs are incorporated herein by reference.

83.     Plaintiff and Defendants are "Person[s]" pursuant to 73 Pa.C.S. § 201-2.

84.     The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

85.     The actions of Defendants, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, *inter alia:*

16

a.   Defendants misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. § 201-3.1; 37 Pa. Code § 303.3(3);

b.   Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. § 201-2(xxi);

c.   Defendants imposed credit costs expressly prohibited by Federal and Pennsylvania law, and failed to comply with TILA, HOEPA, and the FCEUA which are per se violations of the UTPCPL;

d.   Defendants misrepresented to Plaintiff that the loan would be beneficial, when in fact it was not and Defendants knew it was not, 73 P.S. §202-1(v); and,

e.   Defendants misrepresented the characteristics or benefits of the loan;

86.   As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

87.   By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in her favor, and against Defendants, and Order the following relief:

i.   An Order declaring that Defendants violated the UTPCPL;

ii.   Actual damages;

iii.   Treble damages;

17

MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

iv.   An award of reasonable attorneys fees and expenses, and costs of suit; and,

v.   Such additional relief as is deemed just and proper, or that the interests of justice may require.

## IV.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**MILDENBERG AND STALBAUM, P.C.**

Date:  **November 19, 2004**          By:    **/s/ Sherri J. Braunstein**
                                              **BRIAN R. MILDENBERG, ESQUIRE**
                                              **SHERRI J. BRAUNSTEIN, ESQUIRE**
                                              **Identification Nos.: 84861/90675**
                                              **1845 Walnut Street, 22nd Floor**
                                              **Philadelphia, PA 19103**
                                              **(215) 569-1203**
                                              *Counsel for Plaintiff*

18